UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BROADCAST MUSIC, INC., as agent for Broadcast Music, LLC; HOWE SOUND MUSIC PUBLISHING LLC d/b/a CYPRESS PARK MUSIC; EMI BLACKWOOD MUSIC INC.; WARNER-TAMERLANE PUBLISHING CORP.; LUCKY THUMB MUSIC; NOAH'S LITTLE BOAT MUSIC; SEA GAYLE MUSIC LLC d/b/a NEW SONG OF SEA GAYLE; ELDOROTTO MUSIC PUBLISHING; BIG GASSED HITTIES; CRESCENDO ROYALTY FUNDING LP d/b/a SPIRIT NASHVILLE ONE CRESCENDO, | Civil Action No.: <br><br> **COMPLAINT** |
| Plaintiffs, | |
| v. | |
| PPS, INC. d/b/a LUCKY HORSESHOE SALOON and JEFFREY DuBOIS, individually, | |
| Defendants. | |

Plaintiffs, by their attorneys, for their Complaint against Defendants allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

**JURISDICTION AND VENUE**

1. This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

**THE PARTIES**

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing

under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI, as agent for Broadcast Music, LLC, has been granted the right to license the public performance rights in 22.4 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Federal Rule of Civil Procedure 17(a) and 19(a).

5. Plaintiff Howe Sound Music Publishing LLC is a limited liability company doing business as Cypress Park Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff EMI Blackwood Music Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Lucky Thumb Music is a sole proprietorship. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Noah's Little Boat Music is a sole proprietorship. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Sea Gayle Music LLC is a limited liability company doing business as New Songs Of Sea Gayle. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Eldorotto Music Publishing is a sole proprietorship. This Plaintiff is a

copyright owner of at least one of the songs in this matter.

12. Plaintiff Big Gassed Hitties is a sole proprietorship. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Plaintiff Crescendo Royalty Funding LP is a limited partnership doing business as Spirit Nashville One Crescendo. This Plaintiff is a copyright owner of at least one of the songs in this matter.

14. Defendant PPS, Inc. is a corporation organized and existing under the laws of the state of Alabama, which operates, maintains and controls an establishment known as Lucky Horseshoe Saloon, located at 9115 US Highway 98, Fairhope, Alabama 36532, in this district.

15. In connection with the operation of the Establishment, Defendant PPS, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

16. Defendant PPS, Inc. has a direct financial interest in the Establishment.

17. Defendant Jeffrey DuBois is an incorporator of Defendant PPS, Inc. with responsibility for the operation and management of that corporation and the Establishment.

18. Defendant Jeffrey DuBois has the right and ability to supervise the activities of Defendant PPS, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

19. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 18.

20. Since April 2019, BMI has reached out to Defendants over fifty (50) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of

musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

21. Plaintiffs allege three (3) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

22. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the three (3) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

23. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

24. For each work identified on the Schedule, on or about the date(s) indicated on

Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

25.  For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

26.  For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

27.  The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)  Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

 (II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

 (III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

 (IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: December 4, 2025        JAMES P. PEWITT, LLC

/s/*James P. Pewitt*
James P. Pewitt, Esq.
Two North Twentieth
2 20th Street North, Suite 925
Birmingham, AL 35203
Tel: (205) 874=6686
jim@jamespewitt.com

*Attorney for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Country Boy Can Survive a/k/a  A Country Boy Can Survive |
| Line 3 | Writer(s) | Randall Hank Williams a/k/a Hank Williams, Jr. |
| Line 4 | Publisher Plaintiff(s) | Howe Sound Music Publishing LLC d/b/a Cypress Park Music |
| Line 5 | Date(s) of Registration | 7/20/81 |
| Line 6 | Registration No(s). | PAu 316-103 |
| Line 7 | Date(s) of Infringement | 10/4/25 |
| Line 8 | Place of Infringement | Lucky Horseshoe Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Outlaw Women |
| Line 3 | Writer(s) | Randall Hank Williams a/k/a Hank Williams, Jr. |
| Line 4 | Publisher Plaintiff(s) | Howe Sound Music Publishing LLC d/b/a Cypress Park Music |
| Line 5 | Date(s) of Registration | 9/6/79 |
| Line 6 | Registration No(s). | PA 43-938 |
| Line 7 | Date(s) of Infringement | 10/4/25 |
| Line 8 | Place of Infringement | Lucky Horseshoe Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | In Color |
| Line 3 | Writer(s) | Jamey Johnson; Lee Thomas Miller a/k/a Lee Thomas; James Otto |
| Line 4 | Publisher Plaintiff(s) | EMI Blackwood Music Inc.; Warner-Tamerlane Publishing Corp.; Cory J. Gierman d/b/a Lucky Thumb Music; Lee Thomas Miller d/b/a Noah's Little Boat Music; Sea Gayle Music LLC d/b/a New Songs Of Sea Gayle; James Allen Otto d/b/a Eldorotto Music Publishing; Jamey Van Johnson d/b/a Big Gassed Hitties; Crescendo Royalty Funding LP d/b/a Spirit Nashville One Crescendo |
| Line 5 | Date(s) of Registration | 10/16/08          3/11/09 |
| Line 6 | Registration No(s). | PA 1-640-759     PA 1-639-958 |
| Line 7 | Date(s) of Infringement | 10/4/25 |
| Line 8 | Place of Infringement | Lucky Horseshoe Saloon |